J. L. D. LOUDER ET AL. v. A. SCHLUTER.

No. 6687.

1. **Pedigree — Hearsay.** — Vendor of plaintiff testified in his behalf that she had heard her grandfather say that Green B. Jemison was his son, and had heard her mother say that said Green B. was her brother. Both the mother and grandfather of the witness were dead. *Held*, that the testimony was competent to show her heirship to Green B. Jemison, to whose heirs the land sued for was granted.

2. **Probate Sale—Collateral Attack.**—Where the probate record shows an order of sale, sale, and confirmation, recitation in the order of sale will not be enlarged by presumption for the purpose of attacking the sale; if such recitation can in any manner affect the validity of an order of sale legally made by a probate court.

3. **Charge.**—In a suit by an heir or by vendee of an heir it is more onerous than required by the law to charge the right to recover as based upon proof of sole heirship. As against one having no title one of many heirs would be entitled to recover.

4. **Improvements in Good Faith.**— A "possessor" to be entitled to improvements must have reasonable grounds for belief that he is the owner, and ignorant that his title is contested by one having a better right. This is a question of fact for the jury. The court can not indicate in the charge what facts would constitute or defeat the claim of *good faith*.

5. **Tax Deed.**—A claim through a defective tax sale may be the basis of a claim for good faith possession, and improvements.

APPEAL from Johnson. Tried below before Hon. J. M. Hall.

The appellee A. Schluter brought this suit in the District Court of Johnson County October 11, 1886, against J. L. D. Louder, George Etter, Thos. Gray, A. J. Louder, J. S. Hutchins, and Mrs. M. B. Louder, wife of J. L. D. Louder, to recover 3,213,111 square varas of land located by virtue of the headright certificate of G. B. Jemison, and patented to his heirs June 10, 1851. After allegations in the usual form of trespass to try title the petition alleges that on the 24th day of August, 1886, W. K. Henderson, administrator of the estate of Mary S. Nuckles, deceased, sold under order of the Probate Court of Marion County and deeded to plaintiff an undivided half of the land, and that on the 1st day of September, 1886, by conveyance from one J. L. Smith petitioner became the owner of the other undivided half of the land; that at the time of the conveyances the estate and J. L. Smith were the legal owners of the land.

Defendants pleaded not guilty, and Mrs. M. B. Louder and A. J. Louder set up claim for valuable improvements.

Plaintiff claimed that Mary Nuckles was the sister of G. B. Jemison, survived him, and as such inherited one-half of his estate.

Other matters are given in opinion.

*Smith & Davis* and *O. T. Plummer*, for appellants. — 1. The court erred in permitting the witness Mrs. S. L. Jemison to testify as to what she had heard her mother and grandfather say about Green B. Jemison, and in not sustaining defendants' motion to strike the said evidence out,

because there was not sufficient evidence outside of and independent of the declarations of Mrs. Nuckles and her father William Jemison to show that the Green B. Jemison to whom the certificate by virtue of which the land in controversy had been located was granted was the same Jemison who was the brother of Mary Nuckles. Johns v. Northcutt, 49 Texas, 444; Blackburn v. Crawford, 3 Wall., 175, 176; Abb. Trial Ev., 90, 92.

2.   To authorize the court to make the order of sale it was necessary for the property to be inventoried and for the application for the order to have been in writing.   There having been no application for an order of sale put in evidence, the court can not presume that there was any other grounds set out in the application than the one recited in the order, to-wit: "That it is more advantageous to said estate to sell the lands mentioned in said application."   And that being the only ground in an application to a Probate Court to sell land, would not give it jurisdiction to make the order for a sale.   Glenwaters v. Scott, 62 Texas, 673, 674; Withers v. Patterson, 27 Texas, 500.

3.   A party who brings suit of trespass to try title and claims all the land sued for in his own right and sets out in his petition from whom he receives his title, and fully showing by his own pleading that he does not recognize any one as a tenant in common in the land with him, and he fails to establish title in himself to all the land, but establishes title in himself to only an undivided one-half of the land, is not entitled to recover the possession of all the land from defendants who have pleaded not guilty and show that they are in actual possession of the land, claiming the same under deeds duly executed and recorded and describing the land by metes and bounds, but is only entitled to the possession of said land jointly with the defendants.   Read v. Allen, 56 Texas, 181, 182; Cromwell v. Holliday, 34 Texas, 467–469; Sedg. & Wait on Trial of Title, sec. 301.

4.   Defendants were in actual possession of said land under color of title, and should not have been ejected by plaintiff, who only showed title to one undivided one-half interest in and to the land, but defendants should have been permitted to remain in possession jointly with plaintiff. Read v. Allen, 56 Texas, 181, 182; Cromwell v. Holliday, 34 Texas, 467–469; Freem. on Coten. and Part., secs. 300, 301; Sedg. & Wait on Color of Title, sec. 343; Wright v. Mattison, 18 How., 50–60; Sedg. & Wait on Trial of Title, secs. 677, 762–765.

5.   The court erred in that portion of his charge in which he tells the jury that defendants could not make improvements in good faith if the land had been sold previous to 1881 and bought in by the State and had not been redeemed by the owners before 1881, if they had notice of such facts, either actual or constructive, because such a charge withdraws from the jury the question as to whether the defendants Mrs. M. B. Louder and A. J. Louder had under all the facts made improvements in good

faith, because it is a question of fact for the jury as to whether the defendants made the improvements in good faith or not. House v. Stone, 68 Texas, 683.

*L. S. Schluter* and *J. F. Henry*, for appellee.— 1. The testimony to pedigree was competent. 1 Greenl. Ev., 103, 104; Abb. Trial Ev., p. 90.

2. The court did not err in permitting the appellee to read in evidence the order of sale made by the Probate Court of Marion County, Texas, in the estate of Mary S. Nuckles, and the order confirming said sale, because it is shown that an administration upon the estate of said Mary S. Nuckles was pending in said court, and said court had jurisdiction over said estate and the power to order said sale, and it must be presumed in a collateral proceeding that the application for the sale was made in conformity with the statute; and in such a case no presumption can be indulged in a collateral proceeding against the validity of the probate order directing the sale. Tom v. Sayers, 64 Texas, 339; Alexander v. Maverick, 18 Texas, 179; Guilford v. Love, 49 Texas, 715; Mills v. Herndon, 60 Texas, 353; Murchison v. White, 54· Texas, 82.

3. The court did not err in refusing to submit the special charge asked by appellants, because the same would have been a charge upon the weight of evidence and calculated to mislead the jury, and because the identity of Green B. Jemison was clearly established by appellee and not controverted by appellant, and because such a charge would have been to assume as doubtful certain facts which from all the testimony were clear and indisputable. Blankenship v. Douglas, 26 Texas, 225; Denham v. Lumber Co., 73 Texas, 78; Railway v. McCowan, 73 Texas, 355; Greening v. Keel, 72 Texas, 207.

4. The court did not err in that part of the charge which tells the jury that if they believe from the evidence that Mary S. Nuckles was the sister and only heir of Green B. Jemison, to whose heirs the patent read in evidence was issued, that they would find for the plaintiff the land sued for, because if the evidence showed that appellee had title to only a part of the land sued for he could recover the entire tract from appellants, who had no title whatever to the land sued for. Wright v. Dunn, 73 Texas, 294–296; Guilford v. Love, 49 Texas, 715; Trueheart v. McMichael, 46 Texas, 222; Telfener v. Dillard, 70 Texas, 139.

COLLARD, JUDGE.—Mrs. Jemison was permitted to testify, over objections of defendants, that she had heard her grandfather Jemison say that Green B. Jemison was his son, and that she had heard her mother say he was her brother. These declarations were admissible in evidence to prove the relationship, both the declarants being dead. 1 Greenl. on Ev., sec. 103.

Appellants contend that the court erred in admitting in evidence the

order of sale and the confirmation thereof by the Probate Court of Marion County of the land in controversy, they having objected to the same because there was no evidence that the land had been inventoried as a part of the estate of Mary Nuckles, because there was no evidence that the order was made upon a written application, and because the order set out the ground upon which it was made to be "that it was advantageous to the estate to sell the land." None of these objections were tenable. It was not necessary to show that the land had been inventoried. The order recites that "the application of the administrator of the estate of Mary Nuckles" came on to be heard, "and it appearing to the court that due notice of said application has been given as required by law, and that it is more advantageous to sell the lands mentioned in said application, to-wit," describing the lands. We need not speculate as to what was meant by the expression that "it was more advantageous to sell the lands mentioned," etc., but we can say it does not mean to put the grounds of the sale upon the fact that it would be advantageous to the estate to sell these lands. For aught that appears the order was granted upon a proper written application to pay debts. We are not called on to presume facts in order to impeach the judgment if such facts would in any manner affect the judgment if proved. Guilford v. Love, 49 Texas, 715; Tom v. Sayers, 64 Texas, 339.

Appellants say that the court erred in instructing the jury that "the plaintiffs had read in evidence a deed from the administrator of the estate of G. B. Jemison to himself (plaintiff) and a deed from said administrator to one Smith."

There is confusion in the court's charge in respect to the source of plaintiff's title as complained of, but we can not see how the mistake could have influenced the verdict. It was unnecessary to mention the deed to plaintiff at all. The court instructed the jury as follows: "If you believe from the evidence that Mary S. Nuckles was the sister and only heir of G. B. Jemison, to whose heirs the patent read in evidence was issued, you will find for plaintiff the land sued for." The heirship of Mrs. Nuckles was the issuable fact in the case. The deed and the probate orders were documentary, and the court might well have assumed that they put the title in plaintiff if Mrs. Nuckles was the heir of Jemison. The extract from the charge on this point was more favorable to defendants than it ought to have been. It required the jury to find more than was necessary in order to a recovery by plaintiff; it required the jury to find that she was the sole heir of the deceased Jemison, when it was only necessary to find that she was one of the heirs. It has often been decided in this State that one tenant in common can recover for himself and his cotenants the entire tract of land owned by them from mere trespassers. Ney v. Mumme, 66 Texas, 268.

Appellants assign the following error: "The court erred in that por-

tion of his charge to the jury in which he tells the jury that if the defendants had agreed not to pay for the land until the title was vested in them, the defendants, they would not be improvers in good faith, because there was no evidence authorizing such a charge, and because if it was a fact that they were not to pay for the land until the title vested in them that could not affect their right to make improvements if made in good faith."

None of the defendants except Mrs. B. M. Louder and A. J. Louder claimed compensation for improvements made in good faith. They claimed under a tax deed made by the tax collector to one J. R. Ransome on the 3d of May, 1882, for taxes due for the year 1881.

Ransome conveyed the land in controversy to J. L. D. Louder and George Etter by special warranty deed dated September 7, 1883, on an expressed consideration of two promissory notes of same date, bearing 5 per cent interest per annum from date, due in four years and eleven months, each for $420.

Louder and Etter conveyed to A. J. Louder the land described in the latter's special plea of valuable improvements, 270 acres, by general warranty deed, of date September 15, 1885, reciting a consideration of $540 paid by note of even date, due in four years. Louder and Etter conveyed to Mrs. M. B. Louder the 120 acres (upon which she claims to have made valuable improvements in good faith) by general warranty deed on June 25, 1886, reciting a consideration of $200 paid. She was the wife of J. L. D. Louder, who testified that she had paid nothing on the land except the taxes. It was in proof that neither Louder nor Etter had paid the purchase money on the land. There was no contract by Louder and Etter that they were to indemnify their vendees for improvements put on the land. The land had been sold to the State for taxes due before Ransome bought at tax sale and had not been redeemed at that time.

J. L. D. Louder testified that he consulted with an attorney, J. W. Brown, as to buying the land, stating to him all the facts except that the land had been sold to the State, and was advised that it would be safe to buy the land and make improvements. He further testified that he had never heard of the Jemison heirs before he bought; that he has been living adjoining the land for the last twenty years and had never heard of any one claiming the land up to the time he and Etter bought it, except some ten or twelve years ago there was a man who came out to look at it and claimed it, but he went away and has never been heard of since. The evidence does not show what information A. J. Louder had of the title at the time of his purchase or at the time he made his improvements, or what efforts he made to ascertain the facts.

It has been decided in this State that one holding under a defective tax title may be a possessor in good faith in the sense in which the term is used in the statute in relation to improvements. Good faith is the ques-

tion, and it is a question of fact to be determined by the jury under the law. There may be a title in another superior to that of defendant, and such title may be known to him, yet he might believe and have good grounds to believe in his own claim to the property. Gaither v. Hanrick, 69 Texas, 92.

A possessor " must have reasonable grounds for the belief that he is the owner and ignorant that his title is contested by one having a better right;" but such belief and ignorance is not to be judged by the legal merits of the titles as viewed by one learned in the law, but from all the facts in evidence, the titles, and other circumstances as viewed by persons of ordinary intelligence and prudence.

It was said by our Supreme Court in a recent case that " the existence of good faith is a fact to be established in such cases by evidence of other facts tending to show that the person asserting it at the time he made improvements on the land believed himself to be its owner and had grounds for such belief such as would ordinarily be satisfactory to one unlearned in the law but of ordinary intelligence, after having made such inquiry as the law presumes every person desiring to buy land will make and as an ordinarily prudent man ought to make." Holstein v. Adams, 72 Texas, 490.

The court should have submitted the fact of good faith to the jury with the law by which they could determine the fact. It was not correct for the court to instruct the jury that certain facts would destroy good faith, as that it could not exist if defendants had agreed not to pay for the land until the title vested in them. Whatever evidence there was from which such a conclusion could have been reached and what such an inference would indicate if reached should have been left to the jury to be considered by them with other facts and circumstances in evidence. Such an inference might indicate bad faith in one case and not in another. It can not be held as a rule that one who holds under an executory contract can not possess land in good faith against strangers, or that he must have the title vested in him before he could make improvements in good faith. The jury in this case might have concluded that defendants' assertion of good faith was not sustained without the charge; and we do not intend to be understood as saying that the evidence was not sufficient to support such a finding, but we do mean that the issue should have been tried by the jury alone under all the facts and the law.

It will be seen from the foregoing that other assignments need not be noticed at this time.

Because of the error pointed out in the charge of the court, we conclude the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 10, 1890.

ON MOTION FOR REHEARING.

*L. S. Schluter,* for motion.

STAYTON, CHIEF JUSTICE.— A re-examination of this case shows that there is no evidence that the defendants had adverse possession of any part of the land in controversy for twelve months before this action was brought, and as in the absence of such evidence no recovery of value of improvements could be had, it is unimportant that the charge upon that subject may not properly have submitted that question.

For this reason, the rehearing will be granted and the judgment affirmed.

*Affirmed.*

Delivered June 27, 1890.