## POMEROY et al. v. PEARCE.
(No. 1055–4590.)

Commission of Appeals of Texas, Section A.
Feb. 15, 1928.

**1. Taxation ⬦═▷647—Description stating only abstract number, survey number, original grantee, and acreage held insufficient to identify land and support tax sale (Vernon's Sayles' Ann. Civ. St. 1914, art. 7689).**

"Abstract 790, survey 293, original grantee W. H. V., 7.75 acres of land more or less," and "abstract 67, survey 368, original grantee W. E. A. K. B., 80 acres of land more or less, all lying and being in the county of B., state of Texas," *held* insufficient descriptions to identify land sold for taxes, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7689, so that tax sale was void.

**2. Taxation ⬦═▷614—Strict compliance with statute prohibiting suit to enforce tax lien, unless sufficient description of lands can be had, will be required (Vernon's Sayles' Ann. Civ. St. 1914, art. 7689).**

Vernon's Sayles' Ann. Civ. St. 1914, art. 7689, providing that suit shall not be brought to enforce tax lien on lands, unless sufficient description to identify them can first be had, will be strictly enforced and strict compliance required, notwithstanding rule that all civil statutes must be liberally construed.

**3. Evidence ⬦═▷460(4)—Extrinsic evidence is inadmissible to aid description in tax deed, where land cannot be identified from latter (Vernon's Sayles' Ann. Civ. St. 1914, art. 7689).**

Where description in tax deed is so indefinite that purchaser cannot identify land from it, extrinsic evidence is inadmissible to aid such description, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 7689.

**4. Taxation ⬦═▷834—That tax deed is void on its face does not as matter of law preclude grantee from recovering for improvements in good faith.**

Mere fact that tax deed under which party claims title is void on its face does not as a matter of law preclude grantee from recovering compensation for improvements made by him in good faith.

**5. Taxation ⬦═▷834—Whether purchaser at void tax sale acted in good faith in making improvements is fact, to be determined from all facts in evidence.**

Question whether purchaser at void tax sale acted in good faith in making improvements on land is one of fact, to be determined from all facts and circumstances in evidence.

**6. Taxation ⬦═▷834—Purchaser at void tax sale might not recover for improvements under statute where he had not held possession one year (Rev. St. 1925, art. 7393).**

Purchaser at void tax sale might not recover compensation for improvements made by him on land under Rev. St. 1925, art. 7393, where he had not held possession of land for one year at commencement of suit.

**7. Taxation ⬦═▷834—Purchaser at void tax sale may recover for improvements on equitable grounds, even though he cannot recover under statute, and plaintiffs seek no equitable relief against him (Rev. St. 1925, art. 7393).**

Purchaser at void tax sale may recover compensation for improvements on land on equitable grounds, if pleadings and proof warrant it, even though he cannot recover for improvements under Rev. St. 1925, art. 7393, and plaintiffs seek no equitable relief against him.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Harry H. Pomeroy and others against Myron A. Pearce. Judgment for defendant was affirmed by the Court of Civil Appeals (281 S. W. 315), and plaintiffs bring error. Reversed and remanded.

W. Y. McFarland and Don A. Bliss, both of San Antonio, for plaintiffs in error.

Leonard Brown, of San Antonio, for defendant in error.

HARVEY, P. J. This is a suit in trespass to try title brought by Harry H. Pomeroy et al., who will be designated herein as the plaintiffs, against Myron A. Pearce, who will be designated as the defendant. The trial court rendered judgment for the defendant, and plaintiffs appealed. The Court of Civil Appeals affirmed that judgment, and writ of error was granted by the Supreme Court. The case was referred to Section B of the Commission of Appeals. Upon an opinion and recommendation of that section of the commission, speaking through Judge Speer, the judgments of the trial court and the Court of Civil Appeals were reversed, and judgment rendered by the Supreme Court. 291 S. W. 214. Subsequently the latter court set aside all former orders, withdrew the case from Section B, and transferred same to Section A for consideration and report.

[1-3] Upon due consideration, we find ourselves in agreement with the views of Judge Speer as set out in his opinion, with respect to the invalidity of the sheriff's sale in question. The following portion of that opinion is therefore adopted, to wit:

"The writ of error has been granted to the judgment of the Court of Civil Appeals affirming the judgment of the trial court (281 S. W. 315) to review the holding that the description in a certain sheriff's deed to land could be aided by extrinsic evidence and thereby made sufficient to pass the title of the plaintiffs.

"The land owned by plaintiffs in error as heirs of Elizabeth Pomeroy and Almyra Hall Lemon, is described as follows: (1) The northwest half of the Wm. E. A. K. Bellerman survey No. 368 beginning at a stone mound in the northeast boundary line of said survey; thence north 48° 35′ west 306 varas, a stone mound; thence west 356 varas to a stone mound; thence south 41° 35′ west, 649 varas to a stone mound; thence south 48° 35′ east 575 varas to a stone mound;

thence north 41° 35′ east with the line of Mrs. Van Riper's land 993 varas to the place of beginning, containing 80 acres of land more or less.

"(2) 7¾ acres of land off the extreme northwest end of the W. H. Van Riper survey No. 368½ beginning at the northeast corner of Mrs. Rebecca King's 80-acre tract from which a mesquite 12 inches in diameter bears north 39 west 4¾ varas; thence south 48° 35′ east 318 varas to a stone mound; thence north 41° 25′ east 270 varas; thence west to the place of beginning—all in Bexar county, Texas.

"On March 21, 1921, the state of Texas recovered a judgment in the district court of Bexar county against Elizabeth J. Pomeroy, unknown heirs of Elizabeth Pomeroy, Almyra Hall Lemon, unknown heirs of Almyra Hall Lemon, Wm. H. Lemon, unknown heirs of Wm. H. Lemon, and all unknown owners, for the sum of $125.07 taxes and $184.17 penalties for the years 1890 to 1903 inclusive, and 1917 to 1919 inclusive, together with a foreclosure of a tax lien on the following described property, to wit:

"'Abstract 790, survey 293, original grantee W. H. Van Riper, 7.75 acres of land more or less;

"'Abstract 67, survey 368, original grantee W. E. A. K. Bellerman, 80 acres of land more or less; all lying and being in the county of Bexar, state of Texas.'

"In due time an order of sale was issued on said judgment and the property was sold thereunder to defendant in error for a consideration of $650 in cash, whereupon the sheriff executed and delivered to the purchaser a sheriff's deed in the usual and proper form, in all of which instruments the land was described as in the judgment.

"The description contained in the judgment and the instruments following it is insufficient to identify the land owned by plaintiffs in error, and the sale is therefore void.

"The Legislature has prescribed that no suit shall be brought to enforce any tax lien upon any lands in this state unless a sufficient description to identify the same can first be had. Vernon's Sayles' Ann. Civ. St. 1914, art. 7689. The Legislature having thus spoken, the statute affords a definite and controlling guide in determining what description is sufficient. The provision, coming as it does in connection with other provisions concerning proceedings in suits to foreclose tax liens, obviously is for the purpose of incorporation in the pleadings, judgment, and other instruments based thereon; and to be such 'sufficient description' it is required 'to identify' the land. In other words, the description then 'had' at the institution of the suit, and made the basis of the suit, must be such itself as to identify the land affected. While all civil statutes, by force of legislative provision, must be liberally construed, yet it is universally held that statutes such as this will not be applied until the requirements authorizing such application have been strictly complied with. In this sense, such statutes are often said to require strict construction. The statement is not entirely accurate, but the effect is the same. The evident purpose of the Legislature was to require that the land be described in the proceeding in such way as to identify it rather than to permit a resort to wholly extrinsic matters of description for identification. If it were necessary to seek a reason for such provision, we find it in the nature of the harsh proceeding, and in the probability that any sort of imperfect description of the property would tend to prevent bidding, and thus to sacrifice the property.

"Not only is the statute clear upon this point, but likewise, independent of the statute, the decisions are to the same effect.

"There is but one test, at least in determining whether a deed is an absolute nullity, and that is, whether the language is such that it may, by means of extrinsic evidence, be so applied to the land as to reasonably identify it, as determined in Smith v. Crosby, 86 Tex. 20, 23 S. W. 10, 40 Am. St. Rep. 818; Hermann v. Likens, 90 Tex. 453, 39 S. W. 282; McManus v. Orkney, 91 Tex. 33, 40 S. W. 715; Slaughter v. Dallas, 101 Tex. 315, 107 S. W. 48; and McCardell v. Lea, 111 Tex. 387, 235 S. W. 518.

"The authorities cited by the Court of Civil Appeals are not controlling, nor are they contrary to the rule we have announced, or to the authorities hereinafter cited supporting the same. They will be found to be for the most part cases in which the extrinsic matter permitted to be inquired into was made a part by reference of the description actually given. For instance, in Taffinder v. Merrell, 95 Tex. 95, 65 S. W. 177, 93 Am. St. Rep. 814, it was said:

"'Under the decisions of this court, it is proper to look not only to the order itself but to the inventory and to the report of the commissioners. By these documents and by the order taken together, the property is referred to, not merely as two lots in the town of Hamilton, but as the two lots in that town owned by Taffinder and wife as community property. All that it was necessary to do in order to identify the property was to ascertain the lots which were thus owned, and the evidence shows that this was easily done. The stated ownership of the lots was in itself a circumstance of description which led to their identification.'

"But let us see what the Supreme Court has further had to say upon this precise point. In Allday v. Whitaker, 66 Tex. 669, 1 S. W. 794, Judge Stayton says:

"'The rule in reference to judgments directing land to be sold, orders of sale made thereunder, and deeds made by sheriffs in pursuance of sale so directed to be made is, that in the several steps taken to empower the officer to sell, and in the paper evidencing the fact that he has sold, there must be such description of the land as will enable a person familiar with it to identify it from the description thus given.'

"In Brown v. Chambers, 63 Tex. 131, a case of a sheriff's deed, the court recognized the rule that a reference in the description contained in the deed, to extrinsic matters, would authorize their consideration for the purpose of identification, but denied [that] a general reference to the deed records of the county would require or permit such a course. If a general reference in the deed would not have that effect, surely entire silence would not be more potent.

"It is impossible for any one to tell from the judgment and deed following it just what land was attempted to be sold. It is uncertain whether abstract 790, survey 293, contained only 7.75 acres and that all was being sold, or, if not, then what particular 7.75 acres were meant. It is uncertain whether the Bellerman contained only 80 acres more or less, and that all was sold, or, if not, what particular 80 acres

were meant. These instruments contain no assisting facts or data, by way of reference or otherwise, to enable one to identify the land. This is the test. A prospective purchaser must be able to identify, from the description, not something else, just what land is being offered. The rule permitting evidence as to extrinsic matters is at best in any case of doubtful propriety as calculated to set at naught the statute requiring a conveyance of land to be in writing, and otherwise to thwart the will of the parties to the instrument. But certaintly where the statute itself requires the description to identify the land being sold, no other source or method of identification can be resorted to."

Since the judgment of the trial court must be reversed on the ground that the deed hereinabove mentioned is void, we deem it proper, in view of a retrial of the case in the court below, to notice questions arising from the defendant's plea of valuable improvements in good faith.

[4, 5] The mere fact that the deed under which the defendant claims title to the land in controversy is void on its face does not, as a matter of law, preclude his recovery of compensation for the improvements made by him in good faith. The question of good faith of the defendant is one of fact, to be determined from all the facts and circumstances in evidence. Schleicher v. Gatlin, 85 Tex. 275, 20 S. W. 120; House v. Stone, 64 Tex. 683; Louder v. Schluter, 78 Tex. 103, 14 S. W. 205, 207; Holstein v. Adams, 72 Tex. 490, 10 S. W. 560; Hill v. Spear, 48 Tex. 583; French v. Grenet, 57 Tex. 278; Netzorg v. Green, 26 Tex. Civ. App. 119, 62 S. W. 789; Sartain v. Hamilton, 12 Tex. 222, 62 Am. Dec. 524.

[6, 7] The defendant, at the time of the commencement of this suit, had not held possession of the land for one year. For this reason his claim for improvements cannot be founded upon the statute. R. S. (1925) art. 7393; Whitaker v. Allday, 71 Tex. 623, 9 S. W. 483. But, notwithstanding this, and regardless of the fact that the plaintiffs do not need or seek the aid of equity in the maintenance of their suit, the defendant may, should the pleading and proof upon the trial warrant it, recover the value of his improvements, on equitable grounds. 1 Story, Eq. Jur. (14th Ed.) § 517; Saunders v. Wilson, 19 Tex. 202; Gatlin v. Organ, 57 Tex. 13; Allen v. Pierson, 60 Tex. 608; Scott v. Mather, 14 Tex. 235; Wood v. Cahill, 21 Tex. Civ. App. 38, 50 S. W. 1072; Steel v. Smelting Co., 106 U. S. 456, 1 S. Ct. 389, 27 L. Ed. 226.

We do not deem it necessary to notice any other questions in the case at this time.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that the cause be remanded.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.

CURETON, C. J., not sitting.