**STATE of Texas, Appellant,**

v.

**R. L. EGGER et ux., Appellees.**

**No. 10855.**

Court of Civil Appeals of Texas.

Austin.

June 7, 1961.

Rehearing Denied June 28, 1961.

Will Wilson, Atty. Gen., H. Grady Chandler, Joseph G. Rollins, James P. Ryan, Asst. Attys. Gen., for appellant.

Gauntt & Carswell, Georgetown, Barkley & Cutcher, Taylor, for appellees.

GRAY, Justice.

The State of Texas instituted condemnation proceedings against appellee, R. L. Egger and his wife Stella Egger, to condemn for highway purposes 28.524 acres of land "more or less" out of a tract of 119

acres owned by appellees and located in Williamson County.

Commissioners were appointed, an award was made, appellees filed objections to the award and this suit followed. However before the cause came on for trial on its merits appellees filed a plea in abatement and to the jurisdiction of the court whereby they attacked the sufficiency of the description of the land sought to be condemned. After hearing the plea and the evidence introduced the trial court sustained the plea and dismissed the State's cause.

Findings of fact and conclusions of law were filed, which we quote:

"Findings of Fact

"1. The description of the property sought to be condemned is so indefinite and uncertain that the land cannot be identified with reasonable certainty.

"2. There is no instrument referred to in the property description that would make the property description definite and certain.

"3. There are no instruments recorded in the Deed Records, or other records, of Williamson County, Texas, that would make the property description definite and certain.

"4. The property description is so indefinite and uncertain that a surveyor, or other person skilled in such matters, could not take such description and definitely locate the land on the ground.

"Conclusions of Law

"1. The description of the property sought to be condemned does not meet the test of legal sufficiency.

"2. This court does not have jurisdiction of this cause of action because the description of the property sought to be condemned does not meet the test of legal sufficiency."

The property in question is described as follows:

"Being a part of the Wiley Harris Survey, Williamson County, Texas, and more particularly described as follows:

"Beginning at a point in the north line, said point being on the centerline of U. S. Highway 81 (Interstate) at Engineer's Station 1371 + 73.5 as located by the Texas Highway Department, and also being in the south city limit line of Round Rock;" (A description by metes and bounds follows)

The evidence shows that Round Rock is located on the Wiley Harris Survey and that appellees' property lies south of Round Rock. It also shows that the State has taken possession of the land and that a highway has been constructed on it.

The beginning point in the above land description depends solely on "Engineers' Station 1371 + 73.5 as located by the Texas Highway Department." The point in the "north line" is located as being in the center line of highway 81 and also in the south city limit line of Round Rock.

The evidence shows that highway 81 is east of appellees' house. It also shows that the land in question and over which a highway has been constructed and is now in use is west of appellees' house. The State in its brief refers to this highway as "Interstate Highway 35" and the evidence shows it is so marked. The evidence does not locate the south city limit line of Round Rock and does not show that highway 35 crosses that line and does not show that highway 81 does so. The evidence also shows that the term "center line" of a highway does not always have a definite meaning, but that it may be the center of the right of way, it may be the center of two through lanes but that it is always the center of the right of way *or* of the highway itself.

The surveying testimony in the record shows:

Appellees' witness testified that in order to find Engineers' Station 1371 + 73.5 a surveyor would have to get a "strip map" which would show a zero point and from that he could find the Engineers' Station but said the strip map would not show him the station. He said:

"Q. You know what is meant by an engineer's station, don't you? A. Yes, sir.

"Q. You know that it is a point, don't you? A. Yes, sir.

"Q. Point on the ground? A. Yes, sir.

"Q. You know if you had a contract to stake this up for a client, you would know where to find and to locate that station, would you not? A. I would have to get supplementary information—

"Q. You would know— A. —strip maps, yes, sir.

"Q. Where would you go to get that information? A. Well, I would try the resident engineer's office here first and then if they didn't have that, then I would probably have to go to Austin.

"Q. Have you ever done that in the past? A. Yes."

The State's witness testified:

"Q. Now, in order to locate your point of beginning, say that you are a private surveyor; how would you go about locating the point of beginning in this case? A. I would make a trip to Austin and get a right-of-way map, and from the information on the right-of-way map, with these field notes, I should be able to locate that piece of property without any trouble at all.

"Q. Would it be necessary for you to go to Austin in order to find out where that engineer's station is located? A. I would write and request the information.

"Q. Could you go out to the point designated here and find this stake? A. If it was in the ground, yes, sir.

\* \* \* \* \* \*

"Q. \* \* \* I believe you have already answered my question that you could not, from the wording right there in front of you, go and stake this land out? A. No, sir, I don't think so."

■ There is some testimony as to a stake being set at the Engineer's Station, however it is all hearsay because no witness testified that he put a stake there or that he saw a stake at the point. Moreover there is no call for a stake for which reason the evidence is of no probative force. Whitmore v. McNally, Tex.Civ. App., 39 S.W.2d 633.

■ What we have said shows conclusively that resort must be had to extrinsic evidence to locate the beginning point supra. The question then is: Is the ambiguity in the description patent or latent? If it is the former then parol or extrinsic evidence is not admissible to explain the defect in description but if it is the latter then such evidence is admissible. 19 Tex. Jur.2d Sec. 165, p. 487 et seq. It is there said:

"A latent defect is one that is encountered outside the instrument itself, whereas a patent defect is one that appears on the face of the instrument."

In Higgins v. Bankers' Mortgage Co., Tex.Com.App., 13 S.W.2d 683, 684, the court said:

"Resort to extrinsic evidence, where proper at all, is not for the purpose of creating a description, Pomeroy v. Pearce (Tex.Com.App.) 2 S.W.(2d) 431, 433; it is for the purpose of ascertaining whether 'from the facts given in the description in the deed the property intended to be conveyed can be identified with certainty' (Hermann v. Likens, 90 Tex. 448, 453, 39 S.W. 282),

i. e., with 'reasonable certainty,' Mansel v. Castles, 93 Tex. 414, 416, 55 S.W. 559."

In Coppard v. Glasscock Tex.Com.App., 46 S.W.2d 298, 300, it is said:

"It is a general rule of the law that any description which specifies a property intended to be conveyed, and the instrument furnishes the means of determining the particular property covered by the instrument, or which could be ascertained by inquiry as to what property is owned by the grantor in the instrument, is legally sufficient. This is true for the reason that the sole purpose of a description of property, as contained in a deed of conveyance, is to identify the subject matter of the grant. 8 R.C.L. p. 1074, § 129. This general rule, which has been adopted for determining the sufficiency of the description of property, which is contained in a deed, is that if there appears therein enough to enable one, by pursuing an inquiry based upon the information contained in the deed, to identify the particular property to the exclusion of others; it will be sufficient. In other words, any description which will enable any one to identify the property, when aided by inquiry based upon information given by the instrument, is sufficient."

Also see Noland v. Weems, Tex.Civ.App., 141 S.W. 1031. Er. ref.

Applying the foregoing tests to the land description before us we think it must be said that the land is identified with reasonable certainty.

■ If it be said that the call for the center line of highway 81 is shown to be a false call it will simply be rejected and as the remaining calls are sufficient to identify the beginning point such call is without effect. Macmanus v. Orkney, 91 Tex. 27, 33, 40 S.W. 715.

■ Applying the above tests to the beginning point called for in the description supra "Engineer's Station 1371 +73.5 as located by the Texas Highway Department" is or can be located on the ground by extrinsic evidence. And since the description contains information from which an inquiry based thereon will locate the called for beginning point it must be held sufficient.

■ It is generally held that the rule governing the sufficiency of description of property in deeds determines the sufficiency of the description of land in the statement for condemnation. 22 Tex.Jur. 2, Sec. 228, p. 339. The description before us is followed by the words "more or less." In Wooten v. State, 142 Tex. 238, 177 S.W.2d 56, 58, the court said:

"Usually the words 'more or less' in a deed are added to an estimate of the quantity of the land following a particular description. So used they are a part of the description, qualifying the statement of quantity, and they contribute little or nothing toward identifying the land. Weir v. McGee, 25 Tex.Sup[p]. 20, 21; Troy v. Ellis, 60 Tex. 630. But the words 'more or less' thus used in a deed are not without legal import. If inserted without fraud or mistake, they are taken as prima facie evidence that the parties intended to risk a not unreasonable gain or loss in the estimated quantity. Rich v. Ferguson, 45 Tex. 396, 398; Smith v. Fly, 24 Tex. 345, 76 Am.Dec. 109; Watson v. Cline, Tex.Civ.App., 42 S. W. 1037."

The evidence here shows that surveying is theoretically an exact science and appellant's witness testified that by relying on the description supra he could locate the property and stake it out on the ground. Accepting this testimony there is no need to qualify, or to risk an unreasonable gain or loss in, the amount of acreage. In Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, it is said, in a condemnation case, the owner of land is entitled to know how much land is taken

from him and the exact boundaries of what is left.

■ The evidence does not show that the acreage contained in the above field notes is more or less than 28.524 acres but it does show that such acreage may be accurately computed. For this reason we think the description is not fatally defective and if discrepancies develop as to the acreage then an amendment eliminating such discrepancies should be filed. State v. Nelson, Tex., 334 S.W.2d 788.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.