Mrs. Ella J. PURVIS et al., Appellants,

v.

MILLS COUNTY, Texas, Appellee.

Nos. 11579, 11580.

Court of Civil Appeals of Texas.

Austin.

Feb. 14, 1968.

taking a flood control easement over fifteen acres of Appellants' land, which easement is to be a part of a flood control system to be constructed on the Blanket Creek watershed pursuant to an agreement between the United States Government and the Brown-Mills County Soil Conservation District.

The decision of the three special commissioners appointed by the County Judge was appealed to the County Court for Mills County, who, in a trial to the court, awarded Appellants the sum of $183.58 as damages for the taking of the easement. It is from this judgment that Appellants have perfected their appeal to this Court.

We reverse the judgment of the trial court and the condemnation proceeding is dismissed.

■ Appellants are before this Court on three points of error, the first of which is that neither the special commissioners nor the County Court had jurisdiction over the controversy, the reason therefor being that the description of the land taken as set out in the petition for condemnation was so ambiguous and uncertain that, as a matter of law, it could not serve as a basis for jurisdiction.

We sustain this point.

The rule is well established that the description in any petition for condemnation must identify the land to be taken either on the face of the petition or by other writing referred to. If this is not done the jurisdiction of the tribunal having power to condemn never attaches. Wooten v. State, 142 Tex. 238, 177 S.W.2d 56 (1944). The designation must be sufficiently certain to identify the particular portion of the land which is taken, and the test of what constitutes a description adequate enough to confer jurisdiction on courts to render judgments of condemnation is the same as that with consensual transfers in a deed. Miers v. Housing Authority of City of Dallas, 153 Tex. 236, 266 S.W.2d 842 (1954).

McMahon, Smart, Sprain, Wilson & Camp, Bob J. Surovik, Stephen H. Suttle, Abilene, for appellant.

John T. Higgins, Lampasas, for appellee.

**PHILLIPS, Chief Justice.**

These two cases have been consolidated on appeal as the facts are, for the most part, identical and they are governed by the same principles of law.

These suits were brought by the condemnor, Mills County, for the purpose of

The description before us is as follows:

"ALL that certain tract or parcel of land out of the William Smith Survey, Mills County, Texas, being approximately 15 acres, more or less and being enclosed by a 36 acre tract out of such survey described by metes and bounds as follows:

BEGINNING at the Southwest corner of the said survey;

THENCE East 1,730 feet to a point on the South line of said Survey;

THENCE North 37–40 West 1,530 feet to a point;

THENCE North 88–40 West 250 feet to a point;

THENCE North 2–35 East 300 feet to a point;

THENCE South 46–15 West 790 feet to a point on the West line of said Survey;

THENCE South 970 feet to the place of beginning, and being the identical tract shown by plat affixed hereto marked 'Exhibit A' for purposes of identification, to which reference is here made for further descriptive purposes;"

There is nothing before us that specifically descibes where, within the thirty-six acre tract, the condemned 15 acres lies. No surveyor could go upon the land and measure the condemned 15 acres. No sheriff would be capable of executing a writ of possession on this land. The attached plat mentioned in the description as "Exhibit A" has a metes and bounds description of the larger tract diagramed thereon, leaving the portion taken still unidentified.

Consequently, the judgment of the trial court is reversed and the condemnation proceeding is dismissed.

Reversed and condemnation proceeding dismissed.