**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,**

v.

**O. E. BRASSELL et al., Appellees.**

**No. 343.**

Court of Civil Appeals of Texas.

Tyler.

April 11, 1968.

Rehearing Denied May 9, 1968.

Bankhead & Davis, Carthage, Jerry G. Thorn, Dallas, for appellant.

Long, Strong, Jackson & Strong, J. E. Jackson, Carthage, for appellees.

SELLERS, Justice.

Southwestern Bell Telephone Company brought this suit against defendants, O. E. Brassell and wife, Elizabeth Brassell, Mrs. Myrtle Brassell, C. H. Flourney and wife, Evelyn Flourney, to recover an easement for a cable line across their property.

The land is described as follows in the Petition filed for Condemnation of the easement:

"A tract or parcel of land being a part of the John Thompson Survey A–683, Panola County, Texas, and the James Hughes Survey A–278, Panola County, Texas, conveyed by deed from Claude Pollard to E. E. Brassell, dated October 17, 1917, of record in Volume 36, Page 390, of the Deed Records of Panola County, Texas."

A further description of the land sought to be condemned is contained in paragraph IV of the Petition, as follows:

"A twenty foot easement with the right of ingress and egress to and from said easement with the center line of said easement being as follows:

Beginning on the Northwest property line a point 10 feet northeasterly of the

Northeast line of state highway 149; Thence extends Southeasterly and *parrel* with said Northeast line of State Highway 149 as follows: S. 38 deg. 22 min. E. 67 feet; South 42 deg. 59 min. E. 190 feet; S. 4651 East 920 feet; S. 57 deg. 13 min. E. 871 feet, together with a roadway easement twenty feet in width over that portion of the easement above described from a point 545 feet N. 57 deg. 13 min. W. from the Southern most part of said easement above described, and extending N. 57 deg. 13 min. W. 168 feet on as described on the attached plat, marked Exhibit 'A', reference to which is here made for descriptive purposes."

This easement was staked upon the ground, according to the plat, in the Hughes Survey. The parties were unable to agree on the value of the land, and the County Judge was called upon to appoint commissioners to appraise the value of the easement. The three commissioners were duly appointed and, after giving all parties notice, held a hearing in which all parties were represented with reference to the value of the property. After this hearing, the commissioners desired to go upon the strip of land and view the same themselves. This was done with all parties being represented on the inspection tour.

Thereafter the commissioners made their report and assessed the value of the easement at two thousand dollars. All parties, being dissatisfied with this value, appealed to the County Court. The telephone company alleged that the award was excessive and in order to go into immediate possession, placed with the County Clerk four thousand dollars, being double the award.

The defendants in their appeal to the County Court made the following allegations:

"1.

"That objections have heretofore been made to the award of the commissioners appointed herein, and appeal perfected to this Court.

"2.

"That the property belonging to the defendants sought to be condemned by the Plaintiff herein is subject to condemnation proceedings.

"3.

"That the plaintiff is entitled to have the same condemned and has condemned and gone into possession thereof in the manner provided by law.

"4.

"That the only issue between the plaintiff and the defendants is the value of the property taken and the damage done to defendants' property adjoining that which has been condemned by the plaintiff, and in this connection, defendants say that the value of defendants' property taken is in excess of $1860.00, and that the damages done to defendants' property adjoining that which has been condemned by the plaintiff or the depreciation in the market value of defendants' property by reason of such taking by plaintiff is $13,000.00."

With this proceeding pending in the County Court, the defendants withdrew the deposit placed in the County Court for the value of the easement.

In this state of the record, the attorney for defendants called to the attention of the attorney for the telephone company that the deed referred to in the telephone company's description of the land as contained in the Petition for Condemnation which was referred to as the deed to defendants of the land from Claude Pollard in the Thompson Survey and the Hughes Survey, recorded in Volume 36, Page 390, Deed Records of Panola County, did not, in fact, describe any land in the Hughes Survey but only described lands in the Thompson Survey. This was found to be true, and the land in the Hughes Survey was acquired by defendants from George M. Burton to E. E. Brassell on January 6, 1912, and recorded in Volume 24, Page 251, Deed Records of

Panola County. It is without dispute in the record that the defendants held their title under the deed to E. E. Brassell. The telephone company filed an amended petition in which it abandoned any claim to lands in the Thompson Survey and claimed only under lands of defendants in the Hughes Survey. The effect of this amendment was to abandon any claim to lands under the Thompson Survey and to limit its claim to lands in the Hughes Survey.

■ This Court has held that the condemnors of property have at all times a right to amend their petition and claim less property so long as the rights of condemnees are not affected, and we can see no ill effect to condemnees in this case. Southwestern Bell Telephone Company v. West, Tex.Civ.App., 417 S.W.2d 297.

While this amended petition of the telephone company was pending in the trial court, the defendants filed a motion to dismiss the proceedings for the reason that the land sought to be condemned could not be located from the description contained in the plaintiff's Petition for Condemnation. After a hearing on this motion, same was sustained and the cause dismissed, from which ruling the plaintiff Southwestern Bell Telephone Company has duly prosecuted this appeal to this Court.

■ There cannot be any question but that the telephone company's petition must contain a description of the property sought to be condemned. Purvis et al. v. Mills County, Texas, Tex.Civ.App., 424 S.W.2d 512.

■ If a surveyor went upon the ground with the description and the plat contained in the telephone company's petition, he would find at the outset that defendants own no land in the Thompson Survey and that the defendants' land is all in the Hughes Survey. That plat shows the land sought to be condemned lies in the Hughes Survey. Then when you take the call for the beginning point in both the field notes

in the petition and the plat attached thereto, which call for the northwest property line a point 10 feet northeasterly of the northwest line of State Highway 149, which could certainly be located on the ground, we see no reason why the other calls could not be followed, and the easement located on the ground without prejudice to the defendants. State v. Nelson, 160 Tex. 515, 334 S.W.2d 788; State of Texas v. Egger, Tex.Civ.App., 347 S.W.2d 630.

■ There is another ground of objection to the court's dismissal of the case for want of jurisdiction. It seems to be now settled that where the commissioners have acted, and the condemnor has deposited the amount of the award with the County Clerk for the condemnee, and the condemnee has withdrawn the same, he can no longer contest the County Court's jurisdiction to try the case but can only try the issue of the value of the property condemned. McCampbell v. Coastal States Crude Gathering Company, Tex.Civ.App., 401 S.W.2d 318; State of Texas v. Jackson, Tex., 388 S.W. 2d 924. The *Jackson* case, by the Supreme Court, held:

"* * * By accepting the award of the Special Commissioners the respondent is precluded from contesting the State's right to take the property. Article 1, § 17 of the Texas Constitution, Vernon's Ann. St. in part provides that, 'No person's property shall be taken * * * for or applied to public use without adequate compensation being made, *unless by the consent of such person*; * * *.' After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power. * * *"

Believing that the telephone company had the right to amend its petition, and being of the opinion that the Court was in error in dismissing the case, the judgment is reversed and the cause remanded.