Greta Connally HOGAN and Martha Ann Connally Cassel, Individually and as Independent Executrixes of the Estate of W. B. Connally, Deceased, Appellants,

v.

CITY OF TYLER, Texas, Appellee.

No. 1338.

Court of Civil Appeals of Texas, Tyler.

June 26, 1980.

Ben E. Jarvis, James R. Lewis, Tyler, for appellants.

Charles H. Clark, Tyler, for appellee.

McKAY, Justice.

Our opinion dated May 8, 1980, is withdrawn and this opinion substituted therefor.

This is a suit to set aside a judgment in condemnation of a tract of land by the City of Tyler.

Appellants brought suit against the City of Tyler (City) for (1) title and possession of a tract of land; alternatively, (2) that the county court judgment be held void and without force (because it included the provision that the City was to "have the absolute and exclusive use and possession of the surface of the land"); and for removal of cloud of title cast by the judgment; and (3) further alternatively, that they were being denied due process of law and equal protection of the law contrary to the Texas and U.S. Constitutions.

City answered by plea of not guilty; general denial, three year, five year and 10 year statutes of limitation; that the petition is a collateral attack upon a final judgment of the county court which is not void on its face and therefore collateral attack does not lie; the four year statute of limitations; and the doctrine of laches.

The trial court, without a jury, rendered judgment for the City, finding and concluding "that by the terms and provisions of a Judgment in Condemnation in Cause No. 13,071 in the County Court at Law of Smith County, Texas, styled *CITY OF TYLER v. W. B. CONNALLY, dated October 14, 1966, the CITY OF TYLER, TEXAS, acquired the absolute and exclusive use and possession of the surface of the land described in said Judgment * * * for the purpose of constructing, maintaining, and operating its city water reservoir now known as Lake Tyler East for so long as said water reservoir now known as Lake Tyler East shall be maintained, used, and operated as a water reservoir for the CITY OF TYLER, TEXAS: * * *.*"

The Court further found that such judgment was not void, but was a valid and subsisting judgment.

Appellants' first basic complaint, as reflected by their pleadings and points of error, is that the County Court judgment is void for two reasons: first, the City had not passed a proper and adequate resolution authorizing the City to condemn a fee title to the land in question; secondly, that the judgment granted more than a surface easement, i. e., the fee title to the land.

The basic position of the City is that appellants' suit is a collateral attack on the County Court judgment, and that such judgment granted only an exclusive easement to the surface for water reservoir purposes and did not vest any fee title to the property in the City.

Appellants argue that neither the petition for condemnation by the City in the County Court, nor the notice to W. B. Connally (appellants' father), nor the Commissioners' award recited any decision or purpose by the City to condemn the "absolute and exclusive use and possession of the surface of the land," and that such taking amounted to the taking of the fee. The Petition in Condemnation, after reciting that the City "has determined the necessity of providing, * * * a reservoir and the necessary water sheds therefor * * * that it has determined that the land herein-after described * * * should be acquired for such purpose," plead that the property "is intended to be used by your petitioner for the purpose of providing a water reservoir and the necessary water sheds in connection therewith; that it is necessary that your petitioner acquire the *title to the surface* of the above described property for such purpose."

Although the landowner was personally served with notice that the special commissioners were to meet at a certain time and place to hear evidence as to the damages to be awarded, the landowner, W. B. Connally, made no appearance and filed no objection to the award made by the commissioners. The Judgment in Condemnation in the County Court dated October 14, 1966, provided that the City "shall have the absolute and exclusive use and possession of the surface of the land * * *." There was no attempt to appeal from that judgment, and the deposit of $8,887.05 was withdrawn by W. B. Connally.

The trial court filed findings of fact and conclusions of law that the County Court had jurisdiction of the parties and subject matter; that the judgment of the County Court became a final judgment and no direct attack was ever made on that judgment; that the judgment was not void and was not ambiguous; that the defendant's (City) plea of res judicata was well taken, and that plaintiffs' (appellants') claim is barred by the doctrine of res judicata; that the judgment is not subject to collateral attack that the parties derived their title from a common source; that the judgment granted to the City an absolute and exclusive easement to the surface; that the question of the extent of the easement was never litigated in the county court proceedings but such question could have been so litigated and appealed; that the suit is barred by the doctrine of res judicata; that more than four (4) years have passed from the date of the County Court judgment until the filing of this suit, and that the claim in this suit is barred by the four (4) year statute of limitations.

Further findings and conclusions were that the City has held title to the subject property under color of title for more than three (3) years; that the City has never claimed to own more than an easement to the surface of the land; that the City is vested with title to an exclusive easement to the surface of the land under the three (3) year statute of limitations; that there had been no denial of due process of law; that state law provides for an appeal from the County Court judgment, but appellants' predecessor did not avail himself of it; and that there was no denial of equal protection of the law.

■ There is a line of authority in Texas that holds that a landowner who accepts the award of the special commissioners in a condemnation case by withdrawing the money deposit cannot thereafter contend the taking was unlawful.

In State v. Jackson, 388 S.W.2d 924, 925 (Tex.1965) it is said:

". . . By accepting the award of the Special Commissioners the respondent is precluded from contesting the State's right to take the property. Article 1, § 17 of the Texas Constitution, Vernon's Ann.St. in part provides that 'no persons' property shall be taken * * * for or applied to public use without adequate compensation being made, *unless by the consent of such person*; * * *' After an award has been made, and the money deposited in the registry of the court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power."

The Jackson case cites and quotes with approval Crockett v. Housing Authority of the City of Dallas, 274 S.W.2d 187, 189 (Tex.Civ.App.—Dallas 1954, no writ):

"While the landowner may now withdraw the deposit without prejudice to his right to appeal on claim of inadequate damages

* * * the rule stated in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 479, would otherwise appear to be good law: 'In cases in which there has been an attempt to condemn, but the proceedings are invalid for want of a compliance with the statute which authorized the condemnation, it is held that the owner, by accepting the condemnation assessed, makes the transaction effectual.'"

State v. Jackson, supra, has been followed and cited by numerous cases, the latest being Coastal Industrial Water Authority v. Celanese Corporation of America, 592 S.W.2d 597, 599 (Tex.1979). The following cases cite and follow Jackson for the proposition that when a commissioner's award has been made in a condemnation case, and the amount of the award deposited in the registry of the court and the landowner withdraws the funds, he cannot thereafter contend the taking was unlawful, and such withdrawal precludes the litigation of any issue except adequate compensation: Stuart v. Harris County Flood Control District, 537 S.W.2d 352, 354 (Tex.Civ.App.—Houston [14th] 1976, writ ref'd n. r. e.); Gilbert v. Franklin County Water District, 520 S.W.2d 503, 505 (Tex.Civ.App.—Texarkana 1975, no writ); Williamson v. County of Dallas, 519 S.W.2d 495, 498 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.); Mapco, Inc. v. Farrington, 476 S.W.2d 50, 54 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); Mapco, Inc. v. Jenkins, 476 S.W.2d 55, 61 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); Mapco, Inc. v. J. N. Holt, 476 S.W.2d 64, 68 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); Mapco, Inc. v. Nolan C. Holt, 476 S.W.2d 70, 75 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); City of Austin v. Capitol Livestock Auction Co., 434 S.W.2d 423, 430 (Tex.Civ.App.—Austin 1968, affirmed 453 S.W.2d 461); Southwestern Bell Telephone Co. v. Brassell, 427 S.W.2d 709, 711 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); Luby v. City of Dallas, 396 S.W.2d 192, 195 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.).

■ Appellants complain that the judgment of the county court was void for lack

of proper notice to the landowner that the City intended to condemn the "absolute and exclusive use and possession of the surface of the land." While we believe that *State v. Jackson*, supra, forecloses this complaint, we will discuss it. In condemnation cases the written petition or statement is the first step in the proceeding, and it is by virtue of this step that jurisdiction over the subject matter is acquired. *State v. Nelson*, 334 S.W.2d 788, 790 (Tex.1960). The written petition in condemnation in the instant case stated "that it is necessary that your petitioner *acquire the title to the surface* of the above described property" for the purpose of providing a reservoir and the necessary water sheds. The judgment rendered by the county court recited that the City was to "*have the absolute and exclusive use and possession of the surface of the land.*" The question then arises whether the county court had jurisdiction only to render a judgment for "the surface", but had no jurisdiction to render a judgment for the "absolute and exclusive use and possession of the surface of the land."

In *Stubblefield v. State*, 425 S.W.2d 699, 703 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.) this court held that the county court did not acquire jurisdiction to condemn land which is not described in the statement or petition for condemnation.

In *Stirman v. City of Tyler*, 443 S.W.2d 354 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.) this court held that the city never exercised its legislative power to take a fee title by expressing its desire to do so, and that the court's authority was limited to the taking of an easement only, and a judgment for a fee title was erroneous.

In *Sulphur Springs Water District v. Hawkins*, 519 S.W.2d 272, 273 (Tex.Civ.App. —Tyler 1975, no writ) this court held that a petition in condemnation which stated that "it was necessary, in locating and constructing a reservoir 'to own, take, occupy, acquire, hold and use'" the land described, but excepted and reserved to the landowners the mineral estate, prevented the court from acquiring any jurisdiction of the mineral estate of the landowner's tract of land.

Appellants cite us no authority that the additional language in the judgment from that of the petition grants a fee simple title or any different or larger estate than that sought by the City in its petition. The City did not request a fee simple title, and, in our view, the judgment did not grant such an estate. Art. 3270[1], titled Property, How Construed, provides:

"Except where otherwise expressly provided by law, *the right secured* or to be secured to any corporation or other plaintiff in this State, in the manner provided by this law, *shall not be so construed as to include the fee simple estate in lands,* either public or private * * *" (Emphasis added)

We are of the opinion that the judgment of the county court did not grant to the City any larger estate or different estate than that asked for by its petition. The words "absolute and exclusive use and possession of the surface" refer to the purpose of building and maintaining a water reservoir and water sheds and the use of such surface for providing water for the residents of the City. For that purpose and for that use the City petitioned for the surface estate, and for that purpose and that use the City was granted the use and possession of the surface of the land to the exclusion of others.

In our view, under *State v. Jackson*, supra, appellants would not be permitted to contend that the taking was unlawful because of this difference in the language of the petition and the judgment.

The City contends and argues that this suit is a collateral attack upon the County Court judgment. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for the purpose of correcting, modifying or vacating it, but in order to obtain some specific relief against which the judgment stands as a bar. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 327 (1895);

1. All articles are references to Vernon's Texas Revised Civil Statutes.

*Livingstone v. Stubbs,* 151 S.W.2d 285, 286 (Tex.Civ.App.—Waco 1941, error dis. jdmt. correct); 34 Tex.Jur. Judgments § 286, p. 226. "A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose * *." *Crawford v. McDonald,* supra; *Motor Mortgage Co. v. Finger,* 200 S.W.2d 228, 230 (Tex.Civ.App.—Waco 1947, no writ).

Article 3266, Subdivision 7, provides that if no objections to the special commissioners' award of damages are filed on or before the first Monday following the 20th day after such award has been filed with the judge of the court where the petition in condemnation is pending, such judge "shall cause said decision to be recorded in the minutes of the * * * court, *and shall make the same the judgment of the court* and issue the necessary process to enforce the same." (Emphasis added)

It was held in *Rose v. State,* 497 S.W.2d 444, 445 (Tex.1973),

"A judgment which a county court renders upon the basis of an award to which there have been no objections is the judgment of a special tribunal. Such a judgment is ministerial in nature and is the judgment of an administrative agency. It is not a judgment from which an appeal will lie. *Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935 (1958). It is not a judgment in a civil suit, because the proceedings did not reach the state of 'a case in court'."

The statute (Article 3266) states that where there is no timely objection to the award of the special commissioners the decision of the commissioners shall be made into the judgment of the court, and the court shall issue necessary process to enforce the judgment. *Rose v. State,* supra, however, defines such a judgment as a judgment of a special tribunal, ministerial in nature, and of an administrative agency. The definition of such a judgment apparently depends upon whether the issue is joined by the filing of an objection to the

special commissioner's award and thereby making the judgment subject to appeal. *Pearson v. State,* 315 S.W.2d 935, 937 (Tex. 1958). The question then arises whether such a judgment is one which is subject to collateral attack even though it may not be appealed. While we have found no authority that a judgment of a county court based only upon the special commissioners' award is subject to a collateral attack, the landowner "was chargeable with notice that it was the duty of commissioners to make an award and return it as provided by law, and that the judge would cause it to be entered in the minutes *as the judgment of the court* unless timely objections were filed." *Dickey v. City of Houston,* 501 S.W.2d 293, 294 (Tex.1973) (Emphasis added). See *Harrell v. City of Denton,* 116 S.W.2d 423, 425 (Tex. Civ.App.—Fort Worth 1938, no writ).

■ The trial court found and concluded that the suit was barred by the four (4) year statute of limitation as well as the three (3) year statute. Art. 5529, T.R.C.S., provides "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward." While appellants pled trespass to try title, their main thrust is an attack upon the County Court judgment. The record reveals that the instant suit was filed approximately eight years after the County Court judgment was rendered. The rule in Texas seems to be that the suit is barred by the four year statute. It has been held that the four year statute barred a suit to set aside an execution sale, *Holt v. Holt,* 59 S.W.2d 324, 328 (Tex.Civ.App.— Texarkana 1933, writ ref'd), barred a suit to set aside a tax foreclosure judgment, *Holbert v. City of Amarillo,* 294 S.W.2d 243, 246 (Tex.Civ.App.—Amarillo 1956, writ ref'd n. r. e.), and barred a suit to set aside a personal judgment ("even in a direct suit to vacate it"). *Johnson v. Cole,* 138 S.W.2d 910, 913 (Tex.Civ.App.—Austin 1940, writ ref'd). We hold that appellants' suit was

barred by the four year statute of limitations.

In response to appellants' point that the trial court erred in filing and refusing to make and file additional findings and conclusions we believe that the elements of the ultimate and controlling issues were covered in the findings and conclusions filed by the trial court. *Groves v. Rosenthal*, 371 S.W.2d 792 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.).

It is our view that the questions and issues discussed herein are dispositive of this appeal and we do not deem it necessary to write to all points of error; however, we have carefully considered all of appellants' points and they are overruled.

Judgment of the trial court is affirmed.