838

SMITH et al. v. LYNN.

No. 10963.

Court of Civil Appeals of Texas.

San Antonio.

May 28, 1941.

Perkins & Floyd and Lloyd & Lloyd, all of Alice, and Chas. C. Triplett, of George West, for appellants.

Earl D. Scott and H. D. Barrow, both of Jourdanton, for appellee.

NORVELL, Justice.

This is an action of trespass to try title brought by plaintiff, Thomas M. Lynn. Certain defendants, namely, Loma Pugh, widow of J. T. Pugh (individually and as survivor in community), and others claiming under said J. T. Pugh, deceased, answered with a plea of not guilty and specially pleaded the ten year statute of limitations. Article 5510, Vernon's Ann. Civ.Stats. The jury answered the issue submitted under the ten year statute un-

favorably to the Pugh defendants, who have appealed from the judgment rendered on the verdict.

■ Appellants' assignments attack the sufficiency of the evidence to support appellee's title under the rule that a plaintiff in trespass to try title must recover on the strength of his own title and not upon the weakness of the title of his adversary.

The land involved is 553.5 acres out of Survey No. 92, Joseph McGinnis, patentee, situated in McMullen and LaSalle Counties, Texas. Survey No. 92 was patented to Joseph McGinnis, his heirs or assigns, during the year 1849.

Appellee, a grand nephew of Joseph McGinnis, claims under three brothers and one sister of the patentee. Appellants seemingly do not attack appellee's claim of title from the brothers and sister of Joseph McGinnis to appellee, but do vigorously insist that there was no sufficient showing made that the title held by Joseph McGinnis vested in said brothers and sister. The evidence bearing upon this matter is set out in both briefs, and the following testimony which is quoted from appellee's brief is presumedly all the testimony in the record bearing upon this issue; the appellee, Thomas M. Lynn testified as follows:

"Q. Did you know Joseph McGinnis? A. No, sir.

"Q. Do you know the pedigree and relationship of your family, and your mother and her ancestors back to Joseph McGinnis? A. Yes, sir.

"Q. Joseph McGinnis, was he ever married within your knowledge? A. Not to my knowledge.

"Q. When he died, what heirs did he leave, if any? A. Three brothers and a sister.

"Q. What were their names? A. Thomas J. McGinnis, W. A. McGinnis, Hugh McGinnis, and Mary C. McGinnis.
* * *

"Q. Now do you know from family history or otherwise whether or not Joseph McGinnis ever married? A. No, sir.

"Q. What kin, if any, was he to you? A. He would be my grandfather's brother, I do not know what kin that would be.

"Q. Your grandfather's brother? A. Yes, sir.

"Q. Well, it would be your great-uncle, would it not? A. Well, it might be.

"Q. And you don't know from family history or otherwise when he died? A. No, sir.

"Q. Or whether he left any children? A. Never heard anything from him from the time he left.

"Q. When did he leave there? A. I do not know, before I was born. He was down here in the Texas-Mexican war."

The applicable parts of the Texas statute of descent and distribution, in force now as well as in 1849, are as follows:

"Art. 2570. * * * Intestate leaving no husband or wife

"Where any person, having title to any estate or inheritance, real, personal or mixed, shall die intestate, it shall descend and pass in parcenary to his kindred, male and female, in the following course:

"1. To his children and their descendants.

"2. If there be no children nor their descendants, then to his father and mother, in equal portions. But if only the father or mother survive the intestate, then his estate shall be divided into two equal portions, one of which shall pass to such survivor, and the other half shall pass to the brothers and sisters of the deceased, and to their descendants; but if there be none such, then the whole estate shall be inherited by the surviving father or mother.

"3. If there be neither father nor mother, then the whole of such estate shall pass to the brothers and sisters of the intestate, and to their descendants."

■ In order to recover upon the theory of title from the sovereignty of the soil, it was necessary for appellee to establish that either Section 2 or Section 3 of said Article is applicable to the facts of this case. It must be shown that Joseph McGinnis is dead; that he was unmarried or did not leave a wife surviving him, and also that he left no surviving children or their descendants.

The question of whether Section 2 or Section 3 of the Article is applicable depends upon a determination of the respective dates of the deaths of Joseph McGinnis and that of his parents. Unless these dates be established, the burden devolves upon appellee to show that, regardless of which section is applied, title became vested in Thomas J. McGinnis, W. A. McGinnis, Hugh McGinnis and Mary E. McGinnis.

Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665.

■ The facts above mentioned must be shown either by direct evidence or evidence upon which an inference or presumption of the existence of said facts may be based.

■ The evidence relied upon to accomplish these purposes must be competent. The rule, as stated by Texas Jurisprudence, is that: "Evidence which is inherently incompetent is without probative force, and, whether admitted over objection or otherwise, it will not support a verdict or a finding of fact, nor form the basis of a finding of facts in an appellate court. This is true, for example, of hearsay evidence, * * * or testimony which is a bare opinion or conclusion of the witness without any disclosed basis of fact." 17 Tex.Jur. 922, § 416.

See also Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304; Webb v. Reynolds, Tex.Com.App., 207 S. W. 914; Keystone Pipe & Supply Co. v. Osborne, Tex.Civ.App., 73 S.W.2d 120; Soria v. American National Insurance Co., Tex.Civ.App., 57 S.W.2d 321.

■ Declarations or statements concerning pedigree constitute a recognized exception to the hearsay rule. Such evidence is considered competent when based upon a statement made by a declarant having knowledge of the fact, but who is dead or otherwise unobtainable, Lowder v. Schluter, 78 Tex. 103, 14 S.W. 205, or when based upon family reputation or tradition. McCormick and Ray, Texas Law of Evidence, p. 758, § 598; 17 Tex.Jur. 600, § 250.

■ It is difficult to ascertain whether the testimony of appellee is based upon "family history or otherwise." It can not be said to affirmatively appear that the testimony of Lynn, concerning the McGinnis family, is based upon family reputation or declarations of members of the family who are deceased or otherwise unavailable. It is not necessary for us to determine whether we should disregard this testimony as to pedigree altogether or give it some consideration in view of the fact that no objection was made to its admission in the trial court and there is a possibility, at least, that had objection been made appellee would have been able to testify to such facts from family reputation or in the form of admissible declarations. It is sufficient to say that appellee's testimony concerning the McGinnis family as it appears

in the record is inherently weak for the reasons above set forth. It further appears that the statement of the witness to the effect that the heirs of Joseph McGinnis "when he died" were "three brothers and a sister" is a rank conclusion of the witness. This conclusion involves a construction of the laws of descent and distribution of the State of Texas. It also involves the assumption that the parents of Joseph McGinnis predeceased him, or possibly the assumption that Joseph McGinnis was survived by one or both of his parents, who, upon their death, left surviving four children only, namely, Thomas J., W. A., Hugh and Mary C. McGinnis, and no descendants of children who may have predeceased their parents. These assumptions above set out relate to facts which the appellee was bound to prove by competent evidence. His conclusion can not supply that lack of evidence.

■ The inherent weakness of appellee's testimony, coupled with the fact that in an important and controlling particular, such testimony is mere conclusion wholly unsupported by facts, compels the holding that such evidence is legally insufficient to establish that the title of Joseph McGinnis in and to the property involved passed to and vested in Thomas J., W. A., Hugh and Mary C. McGinnis, under whom appellee claims. Appellee has therefore failed to sustain the burden of proving his title.

■ We overrule appellee's counter proposition wherein it is asserted that the undisputed testimony shows that J. T. Pugh entered upon the premises involved as the tenant of appellee's predecessor in title. The evidence in regard to this matter is conflicting. No submission of issues was requested upon the theory that J. T. Pugh entered into possession of the premises as a tenant and this ground of recovery was therefore waived by appellee. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

■ In view of another trial of this cause, we notice appellants' assignments complaining of the trial court's action in admitting in evidence a certain letter dated February 12, 1910, by J. T. Pugh, to appellee's mother and predecessor in title, which tended to show that Pugh was the tenant of appellee's mother at the time the letter was written. In our opinion this letter was subject to admission in evidence as an ancient document, provided the prop-

er predicate be laid. McCormick and Ray, Texas Law of Evidence, p. 771, § 613. Said letter is an admission against interest. Id. p. 774, § 614. If the proper predicate for the introduction of the letter can be shown without appellee's testifying to a transaction with the decedent, J. T. Pugh, the provisions of Article 3716, Vernon's Ann.Civ.Stats., would not be applicable. Jones v. Selman, Tex.Civ.App., 109 S.W.2d 1003.

■ We further hold that appellants' claim to the real property involved, based upon the ten year statute of limitations, was not established as a matter of law.

It is unnecessary to discuss other matters mentioned in the briefs as they will probably not arise upon the retrial of this case.

The judgment of the trial court is reversed and the cause remanded.