heading for memo 



No. 04-00-00057-CV


Alberto ABETE, Jr., Jose Abete, Jr., Jose B. Beltran, Elizabeth E. Rios,

Jose S. Rodriguez, and Ruben S. Tamez, 

Appellants


v.


TEXACO, INC., Rosendo Arce Estate, Albino Barrera Estate, Herberto Barrera,

Emma T. Barerra, Hector Homero Barrera, Macario Barrera Estate, Clemmaco, Ltd.,
Gonzalez Brothers, T.E Gonzalez Estate, Maurine Card Grimes, Estella Guerra,

Amando Peña, Raul Peña, Jr., Dr. Mario E. Ramirez, Roel R. Ramirez,

James Eric Schrader, Victoria Treviño, Jose Maria Treviño, and

Clarence R. Jennings as Independent Executor of the Estate of Gladys Guerra, 

Appellees



From the 229th Judicial District Court, Starr County, Texas


Trial Court No. DC-97-231A


Honorable Alex W. Gabert, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice

 

Delivered and Filed: January 16, 2002 


AFFIRMED


 This is a dispute over title to land. In nine issues, appellants challenge the trial court's
order granting summary judgment to appellees, thus confirming appellees' title in the
property. We affirm the judgment of the trial court.

Background

 Appellants claim they are co-owners of a portion of the mineral estate in a tract of
land designated as Porcion 69, located along the Rio Grande River in Starr County, Texas.
Appellants claim ownership as descendants of Antonio Sanchez, the original grantee from
the government of Spain. Appellees, present-day record title holders of the land, filed a
motion for summary judgment on numerous grounds, including: (1) no evidence to support
appellants' claim of title; (2) adverse possession; (3) res judicata; (4) collateral estoppel; (5)
stare decisis; (6) waiver, (7) laches; and (8) statute of limitations on royalty claims. Because
the no-evidence issue is dispositive, we need only address appellees' claim that appellants
failed to prove their chain of title as a matter of law. (1)

Standard of Review

 We review a summary judgment de novo. To prevail on summary judgment, the
movant must show there are no genuine issues of material fact and the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 222 (Tex. 1999). We review the evidence in the light most favorable to the
nonmovant, disregarding all contrary evidence and inferences. Weiss v. Mech. Associated
Servs., Inc., 989 S.W.2d 120, 124 (Tex. App.-San Antonio 1999, pet. denied). When a
defendant moves for summary judgment, it must negate at least one element of the plaintiff's
cause of action or conclusively establish an affirmative defense. See Zale Corp. v.
Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975).

 In a traditional summary judgment under Tex. R. Civ. P. 166a, once the movant has
established a right to summary judgment, the burden shifts to the non-movant to present
issues which preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979). On the other hand, when a party moves for a no-evidence
summary judgment under Tex. R. Civ. P. 166a(i), the nonmovant must produce more than
a scintilla of probative evidence to raise a genuine issue of material fact as to an essential
element of the nonmovant's claim on which the nonmovant would have the burden of proof
at trial. Tex. R. Civ. P. 166a(i); Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex.1997). If the trial court does not specify the grounds upon which it granted summary
judgment, we may affirm on any ground presented in the motion which negates an element
of the nonmovant's claim. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

Discussion

 In this trespass to try title case, the appellants/claimants have the burden to establish
their title in the disputed property. Rogers v. Ricane Enter., Inc., 884 S.W.2d 763, 768 (Tex.
1994). The appellants' claims must rest on the strength of their evidence, not the weakness
of the appellees/defendants' response. Id. Although intestate succession is a valid method
of title transfer, the documentary evidence must be sufficient to infer that a valid inheritance
occurred. See Smith v. Lynn, 152 S.W.2d 838, 840 (Tex. Civ. App.-San Antonio 1941, no
writ). Thus, to successfully respond to appellees' no-evidence motion for summary
judgment, appellants were required to establish their title as a matter of law or raise some
evidence of a question of fact that could properly be considered by a jury.

 Appellants rely upon the amended abstracts of title filed in the trial court to establish
their claim. Reviewing those documents in the light most favorable to appellants and
indulging all inferences in appellants' favor, the abstracts may establish, at most: (1)
appellants are descendants of Jose Antonio Sanchez, who may have been an adopted son of
Antonio Sanchez, the original grantee; and (2) appellants may have been entitled to inherit
title to Porcion 69 through intestate succession. What the abstracts do not establish is
whether Antonio Sanchez or any of his descendants owned any part of Porcion 69 at the time
of their deaths. 

 The only evidence related to the ownership of the property at the time of Antonio
Sanchez's death appears in his death certificate. The certificate states Antonio Sanchez had
nothing to distribute because he was poor. (2) The only inference that can be drawn is that
either the appellants' Antonio Sanchez was not the person who was the original grantee, or
if he was, he disposed of the property before his death. (3) In either case, appellants' claim of
title based on over two hundred years of intestate succession fails as a matter of law. (4) 

Conclusion

 We hold the appellants failed to establish their chain of title as a matter of law.
Accordingly, we affirm the judgment of the trial court. 

 

 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH

1. In their first issue, appellants claim the trial court abused its discretion in severing the claims resolved by the
summary judgment into a separate case because although appellants' attorney had agreed to the severance, he was killed
in an accident and appellants needed additional time for new counsel to become familiar with the case. However,
appellants filed a motion for new trial, providing them an extended period for new counsel to review a possible appeal.
Under the circumstances, we hold the trial court did not abuse its discretion by granting and refusing to withdraw the
severance. See Cooke v. Maxam Tool & Supply, Inc., 854 S.W.2d 136, 142 (Tex. App.-Houston [14th Dist.] 1993, writ
denied).
2. Appellants did not object to this interpretation of the document in this Court or the trial court.
3. There is a similar lack of proof that any of Antonio Sanchez's descendants owned any part of Porcion 69 at
the time of their deaths.
4. In addition, appellants failed to establish that Jose Antonio Sanchez was legally entitled to inherit real property
from his alleged adoptive father. Whether an adopted child may inherit is a question of law. See Fulcher v. Carter, 212
S.W.2d 503, 507-08 (Tex. Civ. App.-Amarillo 1948, no writ). Appellants presented no authority upon which the trial
court could have determined whether Jose would have been entitled to inherit if the validity of the adoption was
established.